1  HARDY RAY MURPHY, CA Bar No. 187149
   hardy.murphy@ogletree.com
2  AARON H. COLE, CA Bar No. 236655
   aaron.cole@ogletree.com
3  ALEXANDRA C. AURISCH, CA Bar No. 296525
   alexandra.aurisch@ogletree.com
4  OGLETREE, DEAKINS, NASH,
   SMOAK & STEWART, P.C.
5  400 South Hope Street, Suite 1200
   Los Angeles, CA 90071
6  Telephone: 213.239.9800
   Facsimile: 213.239.9045
7
   Attorneys for Defendant
8  SITEONE LANDSCAPE SUPPLY, LLC

9
## UNITED STATES DISTRICT COURT
10
## SOUTHERN DISTRICT OF CALIFORNIA
11

| | |
|---|---|
| 12  DAVID ALVAREZ and ENRIQUE HERRERA, individually, and on behalf of all others similarly situated,<br>13<br>14       Plaintiffs,<br>15   v.<br>16  SITEONE LANDSCAPE SUPPLY LLC, a Delaware limited liability company; and DOES 1 through 100, inclusive,<br>17<br>18<br>19       Defendants. | Case No. **'18CV1116 DMS NLS**<br><br>**DEFENDANT SITEONE LANDSCAPE SUPPLY, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT**<br><br>[Filed concurrently with Civil Cover Sheet; Declarations of Timothy Immings and Joseph Ketter; Corporate Disclosure Statement]<br><br>Complaint Filed: April 3, 2018 |

20
21
22
23
24
25
26
27
28

**TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFFS DAVID ALVAREZ AND ENRIQUE HERRERA AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT defendant SiteOne Landscape Supply, LLC ("Defendant"), by and through the undersigned counsel, hereby removes the above-entitled action from the Superior Court of the State of California for the County of San Diego to the United States District Court for the Southern District of California pursuant to 28 U.S.C. Sections 1332, 1441(a) and 1446. In support of such removal, Defendant alleges as follows:

## I. PROCEDURAL BACKGROUND

1. On April 3, 2018, Plaintiff David Alvarez and Enrique Herrera ("Plaintiffs") commenced a class action in the Superior Court of the State of California for the County of San Diego, entitled, "*David Alvarez and Enrique Herrera, individually, and on behalf of all others similarly situated, Plaintiffs vs. SiteOne Landscape Supply, LLC*, a Delaware limited liability company, and DOES 1 through 100, inclusive, Defendants, Case No. 37-201800016452-CU-OE-CTL.

2. Defendant received service of the Summons and Complaint on May 1, 2018. Thus, pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely, as it was filed within 30 days of service of the Summons and Complaint. Copies of the Summons, Complaint, and all other documents served on Defendant are attached as "**Exhibit A**."

3. On May 31, 2018, Defendant filed its Answer in San Diego County Superior Court. A true and correct copy of Defendant's Answer is attached hereto as "**Exhibit B**."

4. Plaintiff's Complaint alleges six causes of action: (1) Failure to Provide Meal Periods (Labor Code §§ 226.7, 512); (2) Failure to Provide Rest Periods (Labor Code § 226.7); (3) Failure To Provide Accurate Itemized Wage Statements (Labor Code § 226); (4) Failure To Timely Pay Final Wages At Termination (Labor Code

§§ 201-203); (5) Unfair Business Practices (Cal. Bus. & Prof. Code §§ 17200, et seq.); (6) Civil Penalties under Private Attorney General Act (Labor Code §2699 et seq.).

## II. CLASS ACTION FAIRNESS ACT JURISDICTION

### A. Basis of Original Jurisdiction.

5. The Court has original jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d). As such, this action may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441, 1446 and 1453.

### B. Number of putative class members.

6. Plaintiff purports to bring this action on behalf of "[a]ll persons employed by any Defendant to work in any hourly paid job position in California at any time during the period beginning four years before the filing of the initial complaint in this action and ending when notice to the Class is sent." (Complaint ("Compl.") ¶ 22). Thus, assuming conservatively that the putative class, as defined by Plaintiff's Complaint, comprises all non-exempt employees employed by Defendant in California at any time from April 3, 2014 to the present, the putative class includes at least 599 persons. (Declaration of Timothy Immings ("Immings Decl.") ¶ 3).

### C. Diversity of the parties.

7. The minimal diversity requirement of 28 U.S.C. 1332(d) is met in this action because the citizenship of at least one class member is diverse from the citizen of at least one defendant. *Id.* at (d)(2)(A). Plaintiff Alvarez, a putative class member, is a citizen of the State of California. Plaintiff Herrera, a putative class member, is a citizen of the State of California. Defendant is a corporation incorporated under the laws of the State of Delaware, with its principal place of business in Roswell, Georgia. (Declaration of Joseph Ketter ("Ketter Decl.") ¶ 3). Thus, Defendant is a citizen of Delaware and Georgia. 28 U.S.C. § 1332(c); *see* also

*Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010). Citizenship of "Doe" defendants is disregarded for purposes of removal. 28 U.S.C. § 1441(b)(1).

### D. Amount in Controversy.

8. Based on the allegations in the Complaint, the alleged amount in controversy exceeds, in the aggregate, Five Million Dollars ($5,000,000), as demonstrated below.

9. **First Cause of Action – Failure to Provide Meal Periods**. Plaintiffs allege: "***Defendants' actual policy and practice was to not provide meal periods to Plaintiffs, the Class***, and the Aggrieved Employees in compliance with California law." (Compl. ¶ 7) (emphasis added). Plaintiffs similarly allege "Defendants regularly failed to provide Plaintiffs and the Class with meal periods as required by California law." (*Id*. ¶ 31). Plaintiffs further allege "Defendants are liable to Plaintiffs and the Class for one hour of additional wages for each workday for a meal period that was not provided." (*Id*. ¶ 34).

10. **Second Cause of Action – Failure to Authorize and Permit Rest Periods**. Plaintiffs allege "***Defendants' actual policy and practice was to not authorize and permit Plaintiffs, the Class, and the Aggrieved Employees to take rest periods*** in compliance with California law." (Compl. ¶ 9) (emphasis added). Plaintiffs similarly allege "Defendants failed to authorize Plaintiffs and the Class to take rest breaks, regardless of whether employees worked more than 3 and a half hours in a workday." (*Id*. ¶ 37). Plaintiffs further allege "Defendants are liable to Plaintiffs and the Class for one hour of additional wages for each workday when they did not received a rest break." (*Id*. ¶ 39).

11. Plaintiffs further allege that the failure to provide meal and rest periods alleged in the First and Second Causes of Action constitutes unfair competition within the meaning of Business and Professions Code Section 17200. (Compl. ¶¶ 59-60). The statute of limitations for such a claim is four years. Cal. Bus. & Prof. Code § 17208 ("Any action to enforce any cause of action pursuant to this chapter

shall be commenced within four years after the cause of action accrued"); *Cortez v. Purolator Air Filtration Products Co.*, 23 Cal.4th 163, 178-179 (2000) (the four-year statute of limitations applies to any UCL claim, notwithstanding that the underlying claims have shorter statutes of limitation).

12. Based on a review of Defendant's business records, 599 putative class members worked approximately 154,296 work days over 3.5 hours during the four-year period (including 146,839 work days over 5 hours) from April 3, 2014 to the present, and received an average base hourly rate of $19.07. (Immings Decl. ¶¶ 3-4).

13. Assuming, *arguendo*, the truth of Plaintiffs' **unqualified allegations** that "Defendants' **actual policy and practice was to not authorize and permit** Plaintiffs, the Class, and the Aggrieved Employees to take rest periods," and "Defendants **failed to authorize Plaintiffs and the Class to take rest breaks**, regardless of whether employees worked more than 3 and a half hours in a workday," putative class members are entitled to recover at least **$2,942,405** for **unpaid rest period premium pay**: $19.07 (average base hourly rate for putative class members during the four-year period) x 1 (1 missed rest period per work day over 3.5 hours) x 154,295 (work days over 3.5 hours worked by putative class during the applicable four-year period) = **$2,942,405**.

14. Assuming, *arguendo*, the truth of Plaintiffs' **unqualified allegations** that "Defendants' **actual policy and practice was to not provide meal periods** to Plaintiffs, the Class," and "Defendants **regularly failed to provide Plaintiffs and the Class with meal periods** as required by California law," putative class members are entitled to recover at least **$2,800,219** for **unpaid meal period premium pay**: $19.07 (average base hourly rate for putative class members during the four-year period) x 1 (1 missed meal period per work day over 5 hours) x 146,839 (work days over 5 hours worked by putative class during the applicable four-year period) = **$2,800,219**.

15. **Third Cause of Action – Violation of California Labor Code §§ 201-**

**2023 ("Waiting Time Penalties" for Failure To Timely Pay Final Wages At Termination)**. Plaintiffs allege that Defendants "willfully failed and refused to timely pay Plaintiffs, the Class, and the Aggrieved Employees at the conclusion of their employment all wages for missed meal periods and rest periods." (Compl. ¶ 9). Plaintiffs similarly allege "during the relevant time period, Defendants failed, and continue to fail to pay Plaintiff and terminated Class members, without abatement, all wages required to be paid by California Labor Code sections 201 and 202 either at the time of discharge, or within seventy-two (72) hour of their leaving Defendants' employ. (*Id*. ¶ 42). Plaintiffs further allege "Plaintiffs and Class Members are entitled to recover from Defendants their additionally accruing wages for each day they were not paid, at their regularly hourly rate of pay, up to 30 days maximum pursuant to California Labor Code § 203." (*Id*. ¶ 45). The statute of limitations for waiting time penalties under Labor Code §§ 201-203 is three years. See Cal. Code of Civ. Proc. § 338(a).

16. Based on a review of Defendants' business records, 164 putative class members were terminated during the three-year period from April 3, 2015 to the present. (Immings Decl. ¶ 5). These putative class members worked an average of 8.38 hours per day during their employment. (*Id*.).

17. Assuming, *arguendo*, the truth of Plaintiffs' allegations, and assuming conservatively that each of the terminated putative class members did not receive at least one (1) fully compliant meal *__or__* rest break during the tenure of their employment and were not paid meal or rest period premium pay in lieu thereof, the terminated putative class members are entitled to recover at least **$781,557** in waiting time penalties: $19.07 (average base hourly rate) x 8.33 (average 8.33 hour work day) x 30 (maximum days of penalty pay) x 164 (number of putative class members terminated during three-year period) = **$781,557.**

18. **Fourth Cause of Action – Failure To Provide Accurate Itemized Wage Statements (Labor Code § 226)**. Plaintiffs allege that "[t]hroughout the

5   Case No. _____

time period in this case, Defendants failed to furnish Plaintiffs, the Class and the Aggrieved Employees with accurate, itemized wage statements." (Compl. ¶ 11). Plaintiffs similarly allege "Defendants have intentionally and willfully failed to provide employees with complete and accurate wage statements." (*Id*. ¶ 48). Plaintiffs further allege "Plaintiffs and Class members are entitled to recover from Defendants the greater of their actual damages caused by Defendants failure to comply with California Labor Code § 226(a), or an aggregate penalty not exceeding four thousand dollars per employee." (*Id*. ¶ 52). California Labor Code §226(e) provides for a recovery of the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation of California Labor Code § 226(a) occurs and one hundred dollars ($100) for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000) per employee. Labor Code § 226(e).

19. Based on a review of Defendant's business records, Defendant employed 146 putative class members who were each issued at least 41 wage statements for the applicable pay periods during the one year limitations period from April 3, 2017 to the present. (Immings Decl. ¶ 6).

20. Thus, according to Plaintiffs' allegations, each of these 146 putative class members who were issued at least 41 wage statements each during the one-year limitations period are entitled to recover the $4,000 maximum per employee in wage statement penalties under Labor Code §226(e) ([1 (initial wage statement during one-year limitations period ) x $50] + [(40 (subsequent wage statements issued during one-year limitations period) x $100] = $4,050) for an aggregate total of at least $**584,000**: 146 (putative class members who were each issued at least 41 wage statements during one-year limitations period) x $4,000 (maximum Labor Code §226(e) penalty) = **$584,000.**

21. Based on a review of Defendant's business records, Defendant employed an additional 319 putative class members who were issued a total of 4,984

6                                       Case No. _____

1 wage statements for the applicable pay periods during the one year limitations period
2 from April 3, 2017 to the present.  (Immings Decl. ¶ 7).  Each of these 319 putative
3 class members was issued fewer than 41 wage statements for the applicable pay
4 periods during the one year limitations period from April 3, 2017 to the present.
5 (*Id.*).

6       22.    Thus, according to Plaintiff's allegations, these 319 putative class
7 members are entitled to recover at least **$482,450** in wage statement penalties under
8 Labor Code §226(e)**:  [319** (number of putative class members) **x $50**] + [(**4,984**
9 (wage statements issued during one-year limitations period) **– 319** (number of 1-year
10 putative class members)) x **$100**] = **$482,450.**

11       23.    In aggregate, according to Plaintiffs' allegations, the putative class
12 members are thus entitled to recover at least **$1,066,450** in wage statement penalties
13 under Labor Code §226(e):  **$584,000** (¶¶ 19-20 above) + **$482,450** (¶ 21-22 above)
14 = **$1,066,450.**

15     **E.**    **Summary of Amount in Controversy**
16       24.    Defendant has denied all the material allegations of the Complaint and
17 disputes all liability and Plaintiffs' entitlement to any recovery.  Accordingly, as set
18 forth above, the Complaint places in actual controversy more than the required $5
19 million for purposes of removal under CAFA, even without considering the amounts
20 placed in controversy by attorney fees.  *See Galt G/S v. JSS Scandinavia*, 142 F.3d
21 1150, 1156 (9th Cir. 1998) (attorneys' fees may properly be included in calculation
22 of the amount of controversy where an underlying statute authorizes an award of
23 attorneys' fees).

24
25
26
27
28

| Claim | Amount in Controversy |
|---|---|
| Unpaid Meal Premiums | $2,800,219 |
| Unpaid Rest Premiums | $2,942,405 |
| Waiting Time Penalties | $781,557 |
| Wage Statement Penalties | $1,066,450 |
| **Total** | **$7,590,631**[1] |

25. Accordingly, removal of this action under CAFA is proper under Section 1332(d).

## III. COMPLIANCE WITH OTHER REMOVAL REQUIREMENTS

26. As required by 28 U.S.C. § 1446, this Notice of Removal is filed in the district court of the United State in which the action is pending. The state court action was pending in the San Diego Superior Court, which is located within the boundaries of this Court. Thus, venue is proper in this Court. 28 U.S.C. § 1441(a).e

27. As required by 28 U.S.C. § 1446, Defendant hereby provides this Court with copies of all process, pleadings and orders received by Defendant in this action (attached as "**Exhibit A"**), Defendant has not received any pleadings, process or

---

[1] As noted above, Plaintiff's allegations concerning meal and rest period violations that the putative class members allegedly suffered are not qualified in any manner, *e.g.*, by alleging that they "sometimes" or "occasionally" or "often" were denied meal or rest periods. Rather, as detailed above, Plaintiffs allege – ***without qualification*** – that it was the policy and practice of Defendants to regularly deny meal and rest periods. These broad, unqualified allegations concerning meal and rest period violations – by themselves -- place over $5 million in controversy. Nevertheless, even, assuming *arguendo*, there were some justifiable basis in the actual text of Plaintiffs allegations to reduce the application of a 100% violation rate for purposes of estimating the amount in controversy -- the $5 million threshold is still exceeded even if the violation rate is reduced to 60% of rest and meal break eligible workdays" **$5,293,582** = $1,680,132 (assuming meal period violations on 60% of meal period eligible workdays) + $1,765,443 (assuming rest period violations on 60% of rest period eligible workdays) + $781,557 (waiting time) + $1,066,450 (wage statements).

orders besides those attached.

WHEREFORE, Defendant removes this action to this Court.

DATED: May 31, 2018

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: /s/ Hardy Ray Murphy
Hardy Ray Murphy
Aaron H. Cole
Alexandra C. Aurisch
Attorneys for Defendant
SITEONE LANDSCAPE SUPPLY, LLC

34272332.1