1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Farzad Rastegar (State Bar No. 155555)
farzad@rastegarlawgroup.com
**RASTEGAR LAW GROUP, APC**
22760 Hawthorne Blvd., Suite 200
Torrance, CA 90505
Telephone:    (310) 961-9600
Facsimile:    (310) 961-9094

Attorneys for Plaintiffs David Alvarez and
Enrique Herrera, individually, and on behalf
of all others similarly situated

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**04/03/2018** at 11:27:42 AM

Clerk of the Superior Court
By Valeria Contreras, Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN DIEGO

DAVID ALVAREZ and ENRIQUE HERRERA,
individually, and on behalf of all others similarly
situated,

Plaintiffs,

vs.

SITEONE LANDSCAPE SUPPLY LLC, a
Delaware limited liability company; and DOES 1
through 100, inclusive,

Defendants

Case No.: 37-2018-00016452-CU-OE-CTL

CLASS ACTION AND REPRESENTATIVE
ACTION

**COMPLAINT FOR:**

1. Failure to provide meal periods [Cal. Lab.
   Code §§ 226.7, 512];
2. Failure to authorize and permit rest breaks
   [Cal. Lab. Code §§ 226.7];
3. Failure to provide accurate itemized wage
   statements [Cal. Lab. Code § 226];
4. Failure to timely pay final wages at
   termination [Cal. Lab. Code §§ 201-203];
5. Unfair Business Practices [Cal. Bus. &
   Prof. Code §§ 17200, et seq.]; and
6. Civil penalties under PAGA [Cal. Lab.
   Code § 2699, *et seq.*]

**DEMAND FOR JURY TRIAL**

COMPLAINT

## **TABLE OF CONTENTS**

INTRODUCTION & GENERAL ALLEGATIONS ................................................................. 1

THE PARTIES TO EACH CAUSE OF ACTION ................................................................. 4

    A.   Plaintiffs ............................................................................................................... 4

    B.   Defendants ............................................................................................................ 4

CLASS ACTION ALLEGATIONS ...................................................................................... 5

FIRST CAUSE OF ACTION ............................................................................................... 9

SECOND CAUSE OF ACTION ......................................................................................... 10

THIRD CAUSE OF ACTION ............................................................................................. 10

FOURTH CAUSE OF ACTION ......................................................................................... 11

FIFTH CAUSE OF ACTION .............................................................................................. 13

SIXTH CAUSE OF ACTION ............................................................................................. 14

PRAYER FOR RELIEF ..................................................................................................... 18

DEMAND FOR JURY TRIAL ........................................................................................... 22

Plaintiffs David Alvarez and Enrique Herrera (collectively, "Plaintiffs"), based upon facts that either have evidentiary support or are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery, alleges as follows:

## INTRODUCTION & GENERAL ALLEGATIONS

1.      Plaintiffs brings this action against Defendant SiteOne Landscape Supply LLC and Does 1 through 100 (hereinafter also collectively referred to as "Defendants") for California Labor Code violations, unfair business practices, and civil penalties stemming from Defendants' failure to provide meal periods, failure to authorize and permit rest periods, failure to timely pay all wages to terminated employees, and failure to furnish accurate wage statements.

2.      Plaintiffs bring the First through Fifth Causes of Action individually and as a class action on behalf of themselves and certain current and former employees of Defendants (hereinafter collectively referred to as the "Class," and defined more fully below).

3.      Plaintiffs bring the Sixth Cause of Action as a representative action under the California Private Attorney General Act ("PAGA") to recover civil penalties that are owed to Plaintiffs, the State of California, and past and present employees of Defendants (hereinafter referred to as the "Aggrieved Employees").

4.      SiteOne Landscape Supply LLC is a distributor of landscape, irrigation, and turf care products, and operates stores throughout the state of California.

5.      Defendants employed Plaintiff David Alvarez to work as a driver at their store located at 751 Design Ct., Suite B, Chula Vista, California 91911-6122 from approximately December of 2004 to June 9, 2017.

6.      Defendants employed Plaintiff Enrique Herrera to work as a customer service representative at their store located at 41109 Sandalwood Cir., Murrieta, California 92562-7003 from approximately February of 2002 to October 26, 2017.

7.      Throughout the time period involved in this case, Defendants have wrongfully failed to provide Plaintiffs, the Class, and the Aggrieved Employees with timely and duty-free meal periods.  Defendants regularly required Plaintiffs, the Class, and the Aggrieved Employees

to work in excess of five consecutive hours a day without providing a 30 minute, continuous and uninterrupted, duty-free meal period every for five hours of work, or without compensating Plaintiffs, the Class, and the Aggrieved Employees for meal periods that were not provided by the end of the fifth hour of work or tenth hour of work.  Defendants did not adequately inform Plaintiffs, the Class, and the Aggrieved Employees of their right to take a meal period by the end of the fifth hour of work, or, for shifts greater than 10 hours, by the end of the tenth hour of work.  Moreover, Defendants systematically disregarded their own written policies regarding the provision and timing of meal periods for Plaintiffs, the Class, and the Aggrieved Employees. Defendants also did not have adequate policies or practices to verify whether Plaintiffs, the Class, and the Aggrieved Employees were taking their required meal periods.  Instead, Defendants' actual policy and practice was to not provide meal periods to Plaintiffs, the Class, and the Aggrieved Employees in compliance with California law.

8.    Throughout the time period involved in this case, Defendants failed to maintain accurate records of meal periods taken or missed by Plaintiffs, the Class, and the Aggrieved Employees.

9.    Throughout the time period involved in this case, Defendants have wrongfully failed to authorize and permit Plaintiffs, the Class, and the Aggrieved Employees to take timely and duty-free rest periods.  Defendants regularly required Plaintiffs, the Class, and the Aggrieved Employees to work in excess of four consecutive hours a day without Defendants authorizing and permitting them to take a 10 minute, continuous and uninterrupted, rest period for every four hours of work (or major fraction of four hours), or without compensating Plaintiffs, the Class, and the Aggrieved Employees for rest periods that were not authorized or permitted.  Defendants did not adequately inform Plaintiffs, the Class, and the Aggrieved Employees of their right to take a rest period.  Moreover, Defendants did not have adequate policies or practices permitting or authorizing rest periods for Plaintiffs, the Class, and the Aggrieved Employees, nor did Defendants have adequate policies or practices regarding the timing of rest periods.  Defendants also did not have adequate policies or practices to verify whether Plaintiffs, the Class, and the Aggrieved Employees were taking their required rest periods.  Further, Defendants did not

1   maintain any records reflecting when (or if) Plaintiffs, the Class, and the Aggrieved Employees

2   took rest periods.  Instead, Defendants' actual policy and practice was to not authorize and permit

3   Plaintiffs, the Class, and the Aggrieved Employees to take rest periods in compliance with

4   California law.

5          10.    Throughout the time period in this case, Defendants willfully failed and refused to

6   timely pay Plaintiffs, the Class, and the Aggrieved Employees at the conclusion of their

7   employment all wages for missed meal periods and rest periods.

8          11.    Throughout the time period in this case, Defendants failed to furnish Plaintiffs, the

9   Class, and the Aggrieved Employees with accurate, itemized wage statements showing all gross

10  and net wages earned, including the correct amount of wages for meal periods that were not

11  provided in accordance with California law, and wages for rest periods that were not authorized

12  and permitted to take in accordance with California law.  As a result of these violations of

13  California Labor Code § 226(a), the Plaintiffs, the Class, and the Aggrieved Employees suffered

14  injury because, among other things: (a) the violations led them to believe that they were not

15  entitled to be paid meal period premium wages and rest period premium wages, even though they

16  were entitled; (b) the violations led them to believe that they had been paid the meal period

17  premium wages and rest period premium wages to which they were entitled, even though they

18  had not been; (c) the violations hindered them from determining the amounts of meal period

19  premium wages and rest period premium wages owed to them; (d) in connection with their

20  employment before and during this action, and in connection with prosecuting this action, the

21  violations caused them to have to perform mathematical computations to determine the amounts

22  of wages owed to them, computations they would not have to make if the wage statements

23  contained the required accurate information; (e) by understating the wages truly due them, the

24  violations caused them to lose entitlement and/or accrual of the full amount of Social Security,

25  disability, unemployment, and other governmental benefits; (f) the wage statements inaccurately

26  understated the wages to which Plaintiffs, the Class, and the Aggrieved Employees were entitled,

27  and Plaintiffs, the Class, and the Aggrieved Employees were paid less than the wages to which

28

they were entitled.  Thus, Plaintiffs, the Class, and the Aggrieved Employees are owed the amounts provided for in Labor Code § 226(e).

## THE PARTIES TO EACH CAUSE OF ACTION

**A.**   **Plaintiffs**

12.   Plaintiff David Alvarez is a California resident that worked for Defendants in the State of California as a driver from approximately December of 2004 to June 9, 2017.

13.   Plaintiff Enrique Herrera is a California resident that worked for Defendants in the State of California as a customers service representative from approximately February of 2002 to October 26, 2017.

14.   Plaintiffs reserves the right to seek leave to amend this complaint to add new plaintiffs, if necessary, in order to establish suitable representative(s) pursuant to *La Sala v. American Savings and Loan Association* (1971) 5 Cal.3d 864, 872, and other applicable law.

**B.**   **Defendants**

15.   Plaintiffs are informed and believes, and based upon that information and belief alleges, that Defendant SiteOne Landscape Supply LLC is, and at all times herein mentioned was:

(a)   A business entity qualified to conduct business, and actually conducting business, in numerous counties throughout the State of California; and,

(b)   The employer of Plaintiffs and the current and/or former employer of the putative Class.

16.   Plaintiffs do not know the true names or capacities of the persons or entities sued herein as Does 1-100, inclusive, and therefore sue said Defendants by such fictitious names. Each of the Doe Defendants was in some manner legally responsible for the damages suffered by Plaintiffs, the Class, and the Aggrieved Employees as alleged herein.  Plaintiffs will amend this complaint to set forth the true names and capacities of these Defendants when they have been ascertained, together with appropriate charging allegations, as may be necessary.

17.   At all times mentioned herein, the Defendants named as Does 1-100, inclusive,

4
COMPLAINT

1    and each of them, were residents of, doing business in, availed themselves of the jurisdiction of,

2    and/or injured a significant number of the Plaintiffs, the Class, and the Aggrieved Employees in

3    the State of California.

4          18.    Plaintiffs are informed and believe and thereon allege that at all relevant times

5    each Defendant, directly or indirectly, or through agents or other persons, employed Plaintiffs

6    and the other employees described in the class definitions below, and exercised control over their

7    wages, hours, and working conditions.  Plaintiffs are informed and believe and thereon allege

8    that, at all relevant times, each Defendant was the principal, agent, partner, joint venturer, officer,

9    director, controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest

10    and/or predecessor in interest of some or all of the other Defendants, and was engaged with some

11    or all of the other Defendants in a joint enterprise for profit, and bore such other relationships to

12    some or all of the other Defendants so as to be liable for their conduct with respect to the matters

13    alleged below.  Plaintiffs are informed and believe and thereon allege that each Defendant acted

14    pursuant to and within the scope of the relationships alleged above, that each Defendant knew or

15    should have known about, and authorized, ratified, adopted, approved, controlled, aided and

16    abetted the conduct of all other Defendants.

17          19.    Defendant SiteOne Landscape Supply LLC and Does 1-100 are collectively

18    referred to herein as "Defendants."

19

20                              **CLASS ACTION ALLEGATIONS**

21          20.    Plaintiffs bring certain claims individually, as well as on behalf of each and all

22    other persons similarly situated, and thus, seek class certification under California Code of Civil

23    Procedure § 382.

24          21.    All claims alleged herein arise under California law for which Plaintiffs seeks

25    relief authorized by California law.

26          22.    The proposed Class consists of and is defined as:

27        All persons employed by any Defendant to work in any hourly paid job position
         in California at any time during the period beginning four years before the filing

28

of the initial complaint in this action and ending when notice to the Class is sent. For purposes of this definition, "Defendant" means SiteOne Landscape Supply LLC and any of the fictitiously named defendants (Does 1 through 100), which may include subsidiaries of, or companies owned by, SiteOne Landscape Supply LLC.

23. At all material times, Plaintiffs were members of the Class.

24. Plaintiffs undertake this concerted activity to improve the wages and working conditions of all Class members.

25. There is a well-defined community of interest in the litigation and the Class is readily ascertainable:

    (a)   Numerosity: The members of the Class (and each subclass, if any) are so numerous that joinder of all members would be unfeasible and impractical. The membership of the entire Class is unknown to Plaintiffs at this time, however, the Class is estimated to be greater than 100 individuals and the identity of such membership is readily ascertainable by inspection of Defendants' records.

    (b)   Typicality: Plaintiffs are qualified to, and will, fairly and adequately protect the interests of each Class member with whom there is a shared, well-defined community of interest, and Plaintiffs' claims (or defenses, if any) are typical of all Class members' claims as demonstrated herein.

    (c)   Adequacy: Plaintiffs are qualified to, and will, fairly and adequately protect the interests of each Class member with whom there is a shared, well-defined community of interest and typicality of claims, as demonstrated herein. Plaintiffs have no conflicts with or interests antagonistic to any Class member. Plaintiffs' attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement. Plaintiffs have incurred, and throughout the duration of this action, will continue to incur costs and attorneys' fees that have been, are, and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member.

(d)  Superiority:  A Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

1)  The interests of the members of the Class in individually controlling the prosecution or defense of separate actions;

2)  The extent and nature of any litigation concerning the controversy already commenced by or against members of the Class;

3)  The desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

4)  The difficulties likely to be encountered in the management of a class action.

(e)  Public Policy Considerations:  The public policy of the State of California is to resolve the Labor Code claims of many employees through a class action.  Indeed, current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Former employees are also fearful of bringing actions because they believe their former employers might damage their future endeavors through negative references and/or other means.  Class actions provide the class members who are not named in the complaint with a type of anonymity that allows for the vindication of their rights at the same time as their privacy is protected.

26.  There are common questions of law and fact as to the Class (and each subclass, if any) that predominate over questions affecting only individual members, including without limitation, whether, as alleged herein, Defendants have:

(a)  Failed to provide meal periods and pay meal period premium wages to Class members;

(b)  Failed to authorize and permit rest periods and pay rest period premium wages to Class members;

(c)  Failed to promptly pay all wages due to Class members upon their

7

COMPLAINT

1   discharge or resignation;

2       (d)   Failed to provide Class members with accurate wages statements;

3       (e)   Violated Business & Professions Code §§ 17200 et. seq. as a result of their

4   illegal conduct as described above.

5       27.   This Court should permit this action to be maintained as a class action pursuant to

6   California Code Of Civil Procedure § 382 because:

7       (a)   The questions of law and fact common to the Class predominate over any

8   question affecting only individual members;

9       (b)   A class action is superior to any other available method for the fair and

10   efficient adjudication of the claims of the members of the Class;

11       (c)   The members of the Class are so numerous that it is impractical to bring all

12   members of the class before the Court;

13       (d)   Plaintiffs, and the other members of the Class, will not be able to obtain

14   effective and economic legal redress unless the action is maintained as a

15   class action;

16       (e)   There is a community of interest in obtaining appropriate legal and

17   equitable relief for the statutory violations, and in obtaining adequate

18   compensation for the damages and injuries for which Defendants are

19   responsible in an amount sufficient to adequately compensate the members

20   of the Class for the injuries sustained;

21       (f)   Without class certification, the prosecution of separate actions by

22   individual members of the class would create a risk of:

23           1)   Inconsistent or varying adjudications with respect to individual

24   members of the Class which would establish incompatible standards

25   of conduct for Defendants; and/or

26           2)   Adjudications with respect to the individual members which would,

27   as a practical matter, be dispositive of the interests of other

28   members not parties to the adjudications, or would substantially

impair or impede their ability to protect their interests, including but not limited to the potential for exhausting the funds available from those parties who are, or may be, responsible Defendants; and,

(g)     Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making final injunctive relief appropriate with respect to the class as a whole.

28.     Plaintiffs contemplate the eventual issuance of notice to the proposed members of the Class that would set forth the subject and nature of the instant action.  The Defendants' own business records may be utilized for assistance in the preparation and issuance of the contemplated notices.  To the extent that any further notices may be required, Plaintiffs would contemplate the use of additional techniques and forms commonly used in class actions, such as published notice, e-mail notice, website notice, first-class mail, or combinations thereof, or by other methods suitable to the Class and deemed necessary and/or appropriate by the Court.

## **FIRST CAUSE OF ACTION**

### **(Against All Defendants for Failure to Provide Meal Periods)**

29.     Plaintiffs incorporate by reference and re-allege as if fully stated herein paragraphs 1 through 28 in this Complaint.

30.     Under California law, Defendants have an affirmative obligation to relieve the Plaintiffs and the Class of all duty in order to take their first daily meal periods no later than the start of Plaintiffs' and the Class' sixth hour of work in a workday, and to take their second meal periods no later than the start of the eleventh hour of work in the workday.

31.     Despite these legal requirements, Defendants regularly failed to provide Plaintiffs and the Class with meal periods as required by California law.

32.     Under California law, Plaintiffs and the Class are entitled to be paid one hour of additional wages for each instance he or she was not provided with all required meal period(s).

33.     Defendants regularly failed to pay Plaintiffs and the Class the additional wages to which they were entitled for meal periods and that were not provided.

**Exhibit A  Page 20**

1    34.    As a result, Defendants are liable to Plaintiffs and the Class for one hour of

2    additional wages for each workday for a meal period that was not provided.

3

4    ## SECOND CAUSE OF ACTION

5    **(Against All Defendants for Failure to Authorize and Permit Rest Periods)**

6    35.    Plaintiffs incorporate by reference and re-allege as if fully stated herein paragraphs

7    1 through 34 in this Complaint.

8    36.    Defendants are required by California law to authorize and permit breaks of 10

9    uninterrupted minutes for each four hours of work or major fraction of four hours (i.e. more than

10   two hours).  Thus, for example, if an employee's work time is 6 hours and ten minutes, the

11   employee is entitled to two rest breaks.  Each failure to authorize rest breaks as so required is

12   itself a violation of California's rest break laws.

13   37.    Despite these legal requirements, Defendants failed to authorize Plaintiffs and the

14   Class to take rest breaks, regardless of whether employees worked more than 3 and a half hours

15   in a workday.

16   38.    Under California law, Plaintiffs and the Class are entitled to be paid one hour of

17   premium wages rate for each instance he or she was not provided with all required rest break(s).

18   39.    Defendants regularly failed to pay Plaintiffs and the Class the additional wages to

19   which they were entitled for rest breaks Defendants failed authorize and permit.  As a result,

20   Defendants are liable to Plaintiffs and the Class for one hour of additional wages for each

21   workday when they did not receive a rest break.

22

23   ## THIRD CAUSE OF ACTION

24   **(Against all Defendants for Violation of California Labor Code §§ 201-203)**

25   40.    Plaintiffs incorporate by reference and re-allege as if fully stated herein paragraphs

26   1 through 39 in this Complaint.

27   41.    At all times herein set forth, California Labor Code §§ 201 and 202 provide that if

28   an employer discharges an employee, the wages earned and unpaid at the time of discharge are

10

COMPLAINT

1    due and payable immediately, and that if an employee voluntarily leaves his or her employment,

2    his or her wages shall become due and payable not later than seventy-two (72) hours thereafter,

3    unless the employee has given seventy-two (72) hours previous notice of his or her intention to

4    quit, in which case the employee is entitled to his or her wages at the time of quitting.

5          42.     Within the applicable statute of limitations, the employment of Plaintiffs and

6    many other members of the Class ended, i.e. was terminated by quitting or discharge, and the

7    employment of others will be.  However, during the relevant time period, Defendants failed, and

8    continue to fail to pay Plaintiffs and terminated Class members, without abatement, all wages

9    required to be paid by California Labor Code sections 201 and 202 either at the time of

10   discharge, or within seventy-two (72) hours of their leaving Defendants' employ.

11         43.     Defendants' failure to pay Plaintiffs and those Class members who are no longer

12   employed by Defendants their wages earned and unpaid at the time of discharge, or within

13   seventy-two (72) hours of their leaving Defendants' employ, is in violation of California Labor

14   Code §§ 201 and 202.

15         44.     California Labor Code § 203 provides that if an employer willfully fails to pay

16   wages owed, in accordance with sections 201 and 202, then the wages of the employee shall

17   continue as a penalty wage from the due date, and at the same rate until paid or until an action is

18   commenced; but the wages shall not continue for more than thirty (30) days.

19         45.     Plaintiffs and Class members are entitled to recover from Defendants their

20   additionally accruing wages for each day they were not paid, at their regular hourly rate of pay,

21   up to 30 days maximum pursuant to California Labor Code § 203.

22

23                 **FOURTH CAUSE OF ACTION**

24   **(Against all Defendants for Failure to Furnish Itemized Statements, in Violation of**

25   **California Labor Code § 226(a))**

26         46.     Plaintiffs incorporate by reference and re-allege as if fully stated herein paragraphs

27   1 through 45 in this Complaint.

28         47.     At all material times set forth herein, California Labor Code § 226(a) provides that

every employer shall furnish each of his or her employees an accurate itemized wage statement in writing showing nine pieces of information, including: (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

48.    Defendants have intentionally and willfully failed to provide employees with complete and accurate wage statements.  The deficiencies include, among other things, the failure to provide any wage statements whatsoever, the failure to correctly identify the gross wages earned by Plaintiffs and the members of the Class, the failure to list the true "total hours worked by the employee," and the failure to list the true net wages earned.

49.    As a result of Defendants' violation of California Labor Code § 226(a), Plaintiffs and the members of the Class have suffered injury and damage to their statutorily-protected rights.

50.    Specifically, Plaintiffs and the members of the Class have been injured by Defendants' intentional violation of California Labor Code § 226(a) because they were denied both their legal right to receive, and their protected interest in receiving, accurate, itemized wage statements under California Labor Code § 226(a).

51.    Calculation of the true wage entitlement for Plaintiffs and the Class is difficult and time consuming.  As a result of this unlawful burden, Plaintiffs were also injured as a result of having to bring this action to attempt to obtain correct wage information following Defendants' refusal to comply with many of the mandates of California's Labor Code and related laws and regulations.

52.    Plaintiffs and Class members are entitled to recover from Defendants the greater

12

COMPLAINT

of their actual damages caused by Defendants' failure to comply with California Labor Code § 226(a), or an aggregate penalty not exceeding four thousand dollars per employee.

53.     Plaintiffs and the members of the Class are also entitled to injunctive relief to ensure compliance with this section, pursuant to California Labor Code § 226(h).

## FIFTH CAUSE OF ACTION

**(Against all Defendants for Violation of California Business & Professions Code §§ 17200, et seq.)**

54.     Plaintiffs incorporate by reference and re-allege as if fully stated herein paragraphs 1 through 39, and 46 through 53 in this Complaint.

55.     Defendants, and each of them, are "persons" as defined under Business & Professions Code § 17201.

56.     Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful, and harmful to Plaintiffs, other Class members, and to the general public.  Plaintiffs seek to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure § 1021.5.

57.     Defendants' activities, as alleged herein, are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code §§ 17200, et seq.

58.     A violation of California Business & Professions Code § 17200, et seq. may be predicated on the violation of any state or federal law.  All of the acts described herein as violations of, among other things, the California Labor Code, are unlawful and in violation of public policy; and in addition are immoral, unethical, oppressive, fraudulent and unscrupulous, and thereby constitute unfair, unlawful and/or fraudulent business practices in violation of California Business and Professions Code §§ 17200, et seq.

**Failure to Provide Meal Periods**

59.     Defendants' failure to provide meal periods in accordance with Labor Code §§ 226.7 and 512, and the IWC Wage Orders, as alleged above, constitutes unlawful and/or unfair

13
COMPLAINT

1  activity prohibited by Business and Professions Code §§ 17200, et seq.

2  **Failure to Authorize and Permit Rest Periods**

3      60.    Defendants' failure to authorize and permit rest periods in accordance with Labor

4  Code § 226.7 and the IWC Wage Orders, as alleged above, constitutes unlawful and/or unfair

5  activity prohibited by Business and Professions Code §§ 17200, et seq.

6  **Failure to Provide Accurate Itemized Wage Statements**

7      61.    Defendants' failure to provide accurate itemized wage statements in accordance

8  with Labor Code § 226, as alleged above, constitutes unlawful and/or unfair activity prohibited

9  by Business and Professions Code §§ 17200, et seq.

10      62.    By and through their unfair, unlawful and/or fraudulent business practices

11  described herein, the Defendants, have obtained valuable property, money and services from

12  Plaintiffs, and all persons similarly situated, and have deprived Plaintiffs, and all persons

13  similarly situated, of valuable rights and benefits guaranteed by law, all to their detriment.

14      63.    Plaintiffs and the other Class members suffered monetary injury as a direct result

15  of Defendants' wrongful conduct.

16      64.    Plaintiffs, individually, and on behalf of members of the putative Class,are entitled

17  to, and do, seek such relief as may be necessary to disgorge money and/or property which the

18  Defendants have wrongfully acquired, or of which Plaintiffs have been deprived, by means of the

19  above-described unfair, unlawful and/or fraudulent business practices.  Plaintiffs, and the

20  members of the putative Class, are not obligated to establish individual knowledge of the

21  wrongful practices of Defendants in order to recover restitution.

22      65.    Plaintiffs, individually, and on behalf of members of the putative class, are further

23  entitled to and do seek a declaration that the above described business practices are unfair,

24  unlawful and/or fraudulent, and injunctive relief restraining the Defendants, and each of them,

25  from engaging in any of the above-described unfair, unlawful and/or fraudulent business

26  practices in the future.

27      66.    Plaintiffs, individually, and on behalf of members of the putative class, have no

28  plain, speedy, and/or adequate remedy at law to redress the injuries which Plaintiffs and the Class

members suffered as a consequence of the Defendants' unfair, unlawful and/or fraudulent

business practices.  As a result of the unfair, unlawful and/or fraudulent business practices

described above, Plaintiffs, individually, and on behalf of members of the putative Class, have

suffered and will continue to suffer irreparable harm unless the Defendants, and each of them, are

restrained from continuing to engage in said unfair, unlawful and/or fraudulent business

practices.

67.    Plaintiffs also allege that if Defendants are not enjoined from the conduct set forth

herein above, they will continue to avoid paying the appropriate taxes, insurance and other

withholdings.

68.    Pursuant to California Business & Professions Code §§ 17200, et seq., Plaintiffs

and putative Class members are entitled to restitution of the wages withheld and retained by

Defendants during a period that commences four years prior to the filing of this complaint; a

permanent injunction requiring Defendants to pay all outstanding wages due to Plaintiffs and

Class members; an award of attorneys' fees pursuant to California Code of Civil Procedure §

1021.5 and other applicable laws; and an award of costs.

## SIXTH CAUSE OF ACTION

**(Against all Defendants for Violation of the Private Attorneys General Act of 2004 Cal.**

**Lab. Code §§ 2698 et seq.)**

69.    Plaintiffs re-alleges and incorporate by reference paragraphs 1 through 19, and 29

through 68 as though fully set forth herein.

70.    At all times herein mentioned, Defendants were subject to the Labor Code of the

State of California and the applicable Industrial Welfare Commission Orders.

71.    Labor Code § 2699(a) specifically provides for a private right of action to recover

penalties for violations of the Labor Code: "Notwithstanding any other provision of law, any

provision of this code that provides for a civil penalty to be assessed and collected by the Labor

and Workforce Development Agency or any of its departments, divisions, commissions, boards,

agencies, or employees, for a violation of this code, may, as an alternative, be recovered through

1    a civil action brought by an aggrieved employee on behalf of himself or herself and other current

2    or former employees pursuant to the procedures specified in Section 2699.3."

3         72.    Plaintiff David Alvarez has exhausted his administrative remedies pursuant to

4    Labor Code § 2699.3.  On July 10, 2017, Plaintiff David Alvarez, through his counsel of record,

5    gave notice by certified mail to the Defendants of the specific provisions of the Labor Code that

6    Defendants have violated, including the facts and theories to support the violations.  On July 27,

7    2017, Plaintiff David Alvarez, through his counsel of record, gave notice by online filing with

8    the Labor and Workforce Development Agency of the specific provisions of the Labor Code that

9    Defendants have violated, including the facts and theories to support the violations.  Plaintiff

10   David Alvarez also paid the filing fee required under Labor Code § 2699.3.   As of the filing of

11   this Complaint, more than 65 days have elapsed since the mailing of Plaintiff David Alvarez's

12   July 27, 2017 notice, and the Labor and Workforce Development Agency has not indicated that it

13   intends to investigate Defendants' Labor Code violations discussed in the notice. Accordingly,

14   Plaintiff David Alvarez may commence a civil action to recover penalties for himself and other

15   current and former employees under Labor Code § 2699 pursuant to § 2699.3.

16        73.    Plaintiff Enrique Herrera has exhausted his administrative remedies pursuant to

17   Labor Code § 2699.3.  On December 22, 2017, Plaintiff Enrique Herrera, through his counsel of

18   record, by online filing with the Labor and Workforce Development Agency and by certified

19   mail to the Defendants of the specific provisions of the Labor Code that Defendants have

20   violated, including the facts and theories to support the violations.  Plaintiff Enrique Herrera also

21   paid the filing fee required under Labor Code § 2699.3.   As of the filing of this Complaint, more

22   than 65 days have elapsed since the mailing of Plaintiff Enrique Herrera's December 22, 2017

23   notice, and the Labor and Workforce Development Agency has not indicated that it intends to

24   investigate Defendants' Labor Code violations discussed in the notice. Accordingly, Plaintiff

25   Enrique Herrera may commence a civil action to recover penalties for himself and other current

26   and former employees under Labor Code § 2699 pursuant to § 2699.3.

27        74.    By way of this cause of action, under Labor Code § 2699(f) pursuant to Labor

28   Code § 2699.3, Plaintiffs seek penalties for themselves and for similarly Aggrieved Employees

16

COMPLAINT

**Exhibit A  Page 27**

1  of Defendants for the violations of the Labor Code described above.

2       75.    In addition, Plaintiffs seek penalties for themselves and the Aggrieved Employees

3  of Defendants under Labor Code § 1174(d).  Pursuant to Labor Code § 1174.5, any person,

4  including any entity, employing labor who willfully fails to maintain accurate and complete

5  records required by Labor Code § 1174 is subject to a penalty under § 1174.5.  Pursuant to the

6  applicable IWC Order, every employer shall keep time records showing when the employee

7  begins and ends each work period.  Meal periods and total hours worked daily shall also be

8  recorded.  Additionally, pursuant to the applicable IWC Order, every employer shall keep total

9  hours worked in the payroll period and applicable rates of pay.

10       76.    During the time period of employment for Plaintiffs and the Aggrieved

11  Employees, Defendants failed to maintain records pursuant to the Labor Code and IWC Orders

12  by failing to maintain accurate records showing meal periods.  Defendants' failure to provide and

13  maintain records required by the Labor Code and IWC Wage Orders deprived Plaintiffs and the

14  aggrieved employees the ability to know, understand and question the accuracy and frequency of

15  meal periods. Therefore, Plaintiffs and the Aggrieved Employees had no way to dispute the

16  resulting failure to pay wages, all of which resulted in an unjustified economic enrichment to

17  Defendants.  As a direct result, Plaintiffs and the Aggrieved Employees have suffered and

18  continue to suffer, substantial losses related to the use and enjoyment of such wages, lost interest

19  on such wages and expenses and attorney's fees in seeking to compel Defendants to fully

20  perform its obligation under state law, all to their respective damage in amounts according to

21  proof at trial.  As a result of Defendants' knowing failure to comply with the Labor Code and

22  applicable IWC Wage Orders, Plaintiffs and the Aggrieved Employees have also suffered an

23  injury in that they were prevented from knowing, understanding, and disputing the wage

24  payments paid to them.

25       77.    Labor Code §§ 2699 and 2699.5 sets forth penalties to be awarded against

26  Defendants for violating the California Labor Code violations Plaintiffs have alleged in this

27  complaint, including but not limited to Labor Code §§ 201, 202, 203, 204, 210, 226, 226.3,

28  226.7, 512, 558, 1174.5, and 2699.

78.     Plaintiffs are entitled to an award of civil penalties as set forth in Labor Code § 2699 on behalf of, the State of California, and similarly Aggrieved Employees of Defendants. The exact amount of the applicable penalties, in all, is in an amount to be shown according to proof at trial.  These penalties are in addition to all other remedies permitted by law.

79.     In addition, Plaintiffs seek an award of reasonable attorney's fees and costs pursuant to Labor Code § 2699(g)(1), which states, "Any employee who prevails in any action shall be entitled to an award of reasonable attorney's fees and costs."

## PRAYER FOR RELIEF

Plaintiffs, individually, and on behalf of all others similarly situated only with respect to the class claims, prays for relief and judgment against Defendants, jointly and severally, as follows:

### Class Certification

1.     That this action be certified as a class action with respect to the First, Second, Third, Fourth, and Fifth Causes of Action;

2.     That Plaintiffs be appointed as the representatives of the Class and subclass; and

3.     That counsel for Plaintiffs be appointed as Class Counsel.

### As to the First Cause of Action

4.     That the Court declare, adjudge and decree that Defendants violated Labor Code §§ 226.7 and 512, and the IWC Wage Orders;

5.     For general unpaid wages and such general and special damages as may be appropriate;

6.     For pre-judgment interest on any unpaid compensation commencing from the date such amounts were due;

7.     For reasonable attorneys' fees and for costs of suit incurred herein; and

8.     For such other and further relief as the Court may deem equitable and appropriate.

As to the Second Cause of Action

9.    That the Court declare, adjudge and decree that Defendants violated Labor Code §§ 226.7 and 512, and the IWC Wage Orders;

10.    For general unpaid wages and such general and special damages as may be appropriate;

11.    For pre-judgment interest on any unpaid compensation commencing from the date such amounts were due;

12.    For reasonable attorneys' fees and for costs of suit incurred herein; and

13.    For such other and further relief as the Court may deem equitable and appropriate.

As to the Third Cause of Action

14.    That the Court declare, adjudge and decree that Defendants violated California Labor Code §§ 201, 202, and 203 by wilfully failing to pay all compensation owed at the time of termination of the employment of Plaintiffs and other terminated class members;

15.    For all actual, consequential and incidental losses and damages, according to proof;

16.    For statutory wage penalties pursuant to California Labor Code § 203 for Plaintiffs and all other class members who have left Defendants' employ;

17.    For pre-judgment interest on any unpaid wages from the date such amounts were due;

18.    For reasonable attorneys' fees and for costs of suit incurred herein; and

19.    For such other and further relief as the Court may deem equitable and appropriate.

As to the Fourth Cause of Action

20.    That the Court declare, adjudge and decree that Defendants violated the record keeping provisions of California Labor Code § 226(a) and applicable IWC Wage Orders as to Plaintiffs and class members, and wilfully failed to provide accurate itemized wage statements thereto;

21.   For all actual, consequential and incidental losses and damages, according to proof;

22.   For statutory penalties pursuant to California Labor Code § 226(e);

23.   For injunctive relief to ensure compliance with this section, pursuant to California Labor Code § 226(g);

24.   For reasonable attorneys' fees and for costs of suit incurred herein; and

25.   For such other and further relief as the Court may deem equitable and appropriate.

<u>As to the Fifth Cause of Action</u>

26.   That the Court declare, adjudge and decree that Defendants violated California Business and Professions Code §§ 17200, et seq. by failing to provide meal periods, failing to authorize and permit rest periods, failing to pay all wages earned at the correct rates of pay (including minimum, straight time, and overtime wages), and failing to furnish accurate wage statements;

27.   For restitution of unpaid wages to Plaintiffs and all class members and prejudgment interest from the day such amounts were due and payable;

28.   For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violations of California Business & Professions Code §§ 17200 et seq.;

29.   For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure § 1021.5;

30.   For injunctive relief to ensure compliance with this section, pursuant to California Business & Professions Code § 17200, et seq.; and,

31.   For such other and further relief as the Court may deem equitable and appropriate.

<u>As to the Sixth Cause of Action</u>

32.   That the Court declare, adjudge and decree that Defendants violated California Labor Code §§ 2699, et seq. as to Plaintiffs and similarly aggrieved employees by failing to provide meal periods, failing to authorize and permit rest periods, failing to pay all wages at termination, and failing to furnish accurate wage statements;

1    33.    For all actual, consequential and incidental losses and damages, according to

2    proof;

3    34.    For all civil penalties pursuant to California Labor Code §§ 2699, et seq., and all

4    other applicable Labor Code provisions;

5    35.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to

6    California Labor Code § 2699;

7    36.    For such other and further relief as the Court may deem equitable and appropriate.

8                          <u>As to all Causes of Action</u>

9    37.    For any additional relief that the Court deems just and proper.

10

11   Dated: March 29, 2018                     Respectfully submitted,

12                                             RASTEGAR LAW GROUP, APC

13

14                                    By: _____

15                                             Farzad Rastegar

16                                             Attorneys for Plaintiffs David Alvarez and
                                               Enrique Herrera, individually and on behalf of all
17                                             others similarly situated

18

19

20

21

22

23

24

25

26

27

28

1

## **DEMAND FOR JURY TRIAL**

2      Plaintiffs demand a trial by jury as to all causes of action triable by jury.

3

Dated: March 29, 2018                            RASTEGAR LAW GROUP, APC

4

5

6                                          By: _____
                                                Farzad Rastegar

7
                                                Attorneys for Plaintiffs David Alvarez and
8                                               Enrique Herrera, individually and on behalf of all
                                                others similarly situated

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

SITEONE LANDSCAPE SUPPLY LLC, a Delaware limited liability company; and DOES 1 through 100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

DAVID ALVAREZ and ENRIQUE HERRERA, individually, and on behalf of all others similarly situated,

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego
**04/03/2018** at 11:27:42 AM
Clerk of the Superior Court
By Valeria Contreras,Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* San Diego Superior Court | **CASE NUMBER:**<br>*(Número del Caso):* 37-2018-00016452-CU-OE-CTL |

330 West Broadway,
San Diego, CA 92101

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Rastegar Law Group, APC; 22760 Hawthorne Blvd. Suite 200, Torrance, CA 90505; (310) 961-9600

| | | | |
|---|---|---|---|
| DATE: 04/04/2018<br>*(Fecha)* | Clerk, by<br>*(Secretario)* | *V Contreras*<br>V. Contreras | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

**Exhibit A  Page 34**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Farzad Rastegar (SBN: 155555)
RASTEGAR LAW GROUP, APC
22760 Hawthorne Blvd., Suite 200
Torrance, CA 90505
TELEPHONE NO.: (310) 961-9600    FAX NO.: (310) 961-9094
ATTORNEY FOR (Name): David Alvarez and Enrique Herrera

FOR COURT USE ONLY

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**04/03/2018** at 11:27:42 AM

Clerk of the Superior Court
By Valeria Contreras, Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS: 330 W. Broadway
MAILING ADDRESS: 330 W. Broadway
CITY AND ZIP CODE: San Diego, 92101
BRANCH NAME: Hall of Justice

CASE NAME:
David Alvarez and Enrique Herrera v. Siteone Landscape Supply LLC

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder | | 37-2018-00016452-CU-OE-CTL |
| | | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | JUDGE: Judge Joel R. Wohlfeil |
| | | | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[✓] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [✓] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [ ] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [✓] punitive
4. Number of causes of action (specify): Six (6)
5. This case [✓] is  [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: April 2, 2018
Farzad Rastegar
_____    _____
(TYPE OR PRINT NAME)    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

**Exhibit A  Page 35**

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
      Damage/Wrongful Death
  Uninsured Motorist (46) (*if the
      case involves an uninsured
      motorist claim subject to
      arbitration, check this item
      instead of Auto*)

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
      Asbestos Property Damage
      Asbestos Personal Injury/
          Wrongful Death
  Product Liability (*not asbestos or
      toxic/environmental*) (24)
  Medical Malpractice (45)
      Medical Malpractice–
          Physicians & Surgeons
      Other Professional Health Care
          Malpractice
  Other PI/PD/WD (23)
      Premises Liability (e.g., slip
          and fall)
      Intentional Bodily Injury/PD/WD
          (e.g., assault, vandalism)
      Intentional Infliction of
          Emotional Distress
      Negligent Infliction of
          Emotional Distress
      Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
      Practice (07)
  Civil Rights (e.g., discrimination,
      false arrest) (*not civil
      harassment*) (08)
  Defamation (e.g., slander, libel)
      (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
      Legal Malpractice
      Other Professional Malpractice
          (*not medical or legal*)
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
      Breach of Rental/Lease
          Contract (*not unlawful detainer
          or wrongful eviction*)
      Contract/Warranty Breach–Seller
          Plaintiff (*not fraud or negligence*)
      Negligent Breach of Contract/
          Warranty
      Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
      book accounts) (09)
      Collection Case–Seller Plaintiff
      Other Promissory Note/Collections
          Case
  Insurance Coverage (*not provisionally
      complex*) (18)
      Auto Subrogation
      Other Coverage
  Other Contract (37)
      Contractual Fraud
      Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse
      Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
      Writ of Possession of Real Property
      Mortgage Foreclosure
      Quiet Title
      Other Real Property (*not eminent
          domain, landlord/tenant, or
          foreclosure*)

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) (*if the case involves illegal
      drugs, check this item; otherwise,
      report as Commercial or Residential*)

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
      Writ–Administrative Mandamus
      Writ–Mandamus on Limited Court
          Case Matter
      Writ–Other Limited Court Case
          Review
  Other Judicial Review (39)
      Review of Health Officer Order
      Notice of Appeal–Labor
          Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
      (*arising from provisionally complex
      case type listed above*) (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
      Abstract of Judgment (Out of
          County)
      Confession of Judgment (*non-
          domestic relations*)
      Sister State Judgment
      Administrative Agency Award
          (*not unpaid taxes*)
      Petition/Certification of Entry of
          Judgment on Unpaid Taxes
      Other Enforcement of Judgment
          Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint (*not specified
      above*) (42)
      Declaratory Relief Only
      Injunctive Relief Only (*non-
          harassment*)
      Mechanics Lien
      Other Commercial Complaint
          Case (*non-tort/non-complex*)
      Other Civil Complaint
          (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
  Partnership and Corporate
      Governance (21)
  Other Petition (*not specified
      above*) (43)
      Civil Harassment
      Workplace Violence
      Elder/Dependent Adult
          Abuse
      Election Contest
      Petition for Name Change
      Petition for Relief From Late
          Claim
      Other Civil Petition

CM-010 [Rev. July 1, 2007]                    **CIVIL CASE COVER SHEET**                    Page 2 of 2

**Exhibit A  Page 36**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

| | |
|---|---|
| STREET ADDRESS: | 330 W Broadway |
| MAILING ADDRESS: | 330 W Broadway |
| CITY AND ZIP CODE: | San Diego, CA 92101-3827 |
| BRANCH NAME: | Central |
| TELEPHONE NUMBER: | (619) 450-7073 |

PLAINTIFF(S) / PETITIONER(S):   David Alvarez et.al.

DEFENDANT(S) / RESPONDENT(S):   Siteone Landscape Supply LLC

ALVAREZ VS SITEONE LANDSCAPE SUPPLY LLC [E-FILE]

| | |
|---|---|
| **NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE on MANDATORY eFILE CASE** | CASE NUMBER: 37-2018-00016452-CU-OE-CTL |

**CASE ASSIGNMENT**

Judge:   Joel R. Wohlfeil                          Department: C-73

**COMPLAINT/PETITION FILED:** 04/03/2018

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 09/07/2018 | 01:30 pm | C-73 | Joel R. Wohlfeil |

A case management statement must be completed by counsel for all parties or self-represented litigants and timely filed with the court at least 15 days prior to the initial case management conference. (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR* options.

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS: The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, parking citation appeals, and family law proceedings.

COMPLAINTS: Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants.

DEFENDANT'S APPEARANCE: Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

JURY FEES: In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

MANDATORY eFILE: Case assigned to mandatory eFile program per CRC 3.400-3.403 and SDSC Rule 2.4.11. All documents must be eFiled at www.onelegal.com. Refer to General Order in re procedures regarding electronically imaged court records, electronic filing, and access to electronic court records in civil and probate cases or guidelines and procedures.

COURT REPORTERS: Court reporters are not provided by the Court in Civil cases. See policy regarding normal availability and unavailability of official court reporters at www.sdcourt.ca.gov.

*ALTERNATIVE DISPUTE RESOLUTION (ADR): THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).

SDSC CIV-721 (Rev. 01-17)

**NOTICE OF CASE ASSIGNMENT**

Page: 1

**Exhibit A  Page 37**



**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION**

CASE NUMBER: 37-2018-00016452-CU-OE-CTL       CASE TITLE: Alvarez vs Siteone Landscape Supply LLC [E-FILE]

**NOTICE:** **All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:**
                **(1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),**
                **(2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), _and_**
                **(3) the Notice of Case Assignment form (SDSC form #CIV-721).**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

**Potential Advantages and Disadvantages of ADR**
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| Potential Advantages | Potential Disadvantages |
|---|---|
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | |
| • Gives parties more control over the dispute resolution process and outcome | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Preserves or improves relationships | |

**Most Common Types of ADR**
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:**  A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:**  A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:**  A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute.  Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Exhibit A  Page 38**

**Other ADR Processes:**  There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.  Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

<u>Local ADR Programs for Civil Cases</u>

**Mediation:**  The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

<u>On-line mediator search and selection:</u>  Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005).  The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:**  The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule <u>2.2.1</u> for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:**  The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience.  Refer to SDSC Local Rules <u>Division II, Chapter III</u> and Code Civ. Proc. <u>§ 1141.10 et seq</u> or contact the Arbitration Program Office at (619) 450-7300 for more information.

<u>More information about court-connected ADR</u>: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:**  The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:**  To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

<u>Legal Representation and Advice</u>

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.

**Exhibit A  Page 39**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

| | |
|---|---|
| STREET ADDRESS: | 330 West Broadway |
| MAILING ADDRESS: | 330 West Broadway |
| CITY, STATE, & ZIP CODE: | San Diego, CA 92101-3827 |
| BRANCH NAME: | Central |

**FOR COURT USE ONLY**

PLAINTIFF(S): David Alvarez et.al.

DEFENDANT(S): Siteone Landscape Supply LLC

SHORT TITLE: ALVAREZ VS SITEONE LANDSCAPE SUPPLY LLC [E-FILE]

| STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER:<br>37-2018-00016452-CU-OE-CTL |
|---|---|

Judge: Joel R. Wohlfeil                                                    Department: C-73

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process. Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)                    ☐ Non-binding private arbitration

☐ Mediation (private)                                    ☐ Binding private arbitration

☐ Voluntary settlement conference (private)    ☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Neutral evaluation (private)                       ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other (specify e.g., private mini-trial, private judge, etc.): _____

_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____    Date: _____

_____    _____
Name of Plaintiff                                               Name of Defendant

_____    _____
Signature                                                         Signature

_____    _____
Name of Plaintiff's Attorney                               Name of Defendant's Attorney

_____    _____
Signature                                                         Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385. Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated: 04/04/2018                                              _____
                                                                        JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 12-10)

**STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**                Page: 1

**Exhibit A  Page 40**

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Farzad Rastegar (SBN: 155555)<br>RASTEGAR LAW GROUP, APC<br>22760 Hawthorne Blvd., Suite 200<br>Torrance, CA 90505<br>TELEPHONE NO.: (310) 961-9600    FAX NO. *(Optional)*: (310) 961-9094<br>E-MAIL ADDRESS *(Optional)*: farzad@rastegarlawgroup.com<br>ATTORNEY FOR *(Name)*: DAVID ALVAREZ and ENRIQUE HERRERA | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS: 330 West Broadway
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Central

PLAINTIFF/PETITIONER: DAVID ALVAREZ and ENRIQUE HERRERA

DEFENDANT/RESPONDENT: SITEONE LANDSCAPE SUPPLY LLC

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>37-2018-00016452-CU-OE-CTL |
|---|---|

TO *(insert name of party being served)*: SITEONE LANDSCAPE SUPPLY LLC

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: April 11, 2018

Jocelyn Foust
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing)*:
1. [✓]  A copy of the summons and of the complaint.
2. [✓]  Other *(specify)*:
   Civil Case Cover Sheet, Notice of Case Assignment, Alternative Dispute Resolution Information, Stipulation to Use of Alternative Dispute Resolution

*(To be completed by recipient):*

Date this form is signed:

_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ _____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

**Exhibit A  Page 41**